# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

MITCHELL FELIX BROOKS,

Defendant.

Criminal Action No. TDC-16-0585

## MEMORANDUM ORDER

Pending before the Court is Defendant Mitchell Felix Brooks's self-represented Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 537. After pleading guilty to conspiracy to distribute and possess with intent to distribute 100 g or more of phencyclidine, in violation of 21 U.S.C. § 846, Brooks was sentenced on July 16, 2018 to 129 months of imprisonment to be followed by four years of supervised release. Brooks is presently designated to Federal Correctional Institution Ashland ("FCI-Ashland") in Ashland, Kentucky and is presently scheduled to be released on March 22, 2026. In his Motion, Brooks seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision based on the COVID-19 pandemic and his personal medical conditions.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)  in any case that—
>
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i)  extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.* Brooks has submitted proof that he has satisfied the requirement to exhaust administrative remedies because he submitted a request for compassionate release to the Warden of his prison on or about April 6, 2020, and more than 30 days have elapsed since that submission. Mot. Ex. A, ECF No. 537-1. *See* 18 U.S.C. § 3582(c)(1)(A). Brooks now argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" warranting a sentence reduction to time served with home confinement as a condition of supervised release.

Upon careful review of the Motion, the Court will not grant the requested relief. Although the COVID-19 pandemic can present "extraordinary and compelling reasons" to warrant a sentence reduction under certain circumstances, such as where a defendant has a medical or other condition that creates a high risk of death or serious illness from COVID-19 and the defendant is incarcerated at a prison with a particularly high incidence of COVID-19, such conditions are not present here. Brooks is 49 years old and asserts that he has a compromised immune system that

places him at high risk of serious illness from COVID-19.  According to the presentence investigation report ("PSR"), Brooks has had certain conditions that arguably could support a concern about his immune system.  PSR ¶ 58, ECF No. 221.  The Centers for Disease Control and Prevention has identified a weakened immune system from certain conditions as a factor that "might" place an individual "at increased risk for severe illness from COVID-19." *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww. cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited Aug. 5, 2020.  However, even if Brooks could be deemed to have a high-risk condition, as of August 5, 2020, FCI-Ashland had no currently active reported cases of COVID-19, and during the course of the pandemic it has had no positive cases among inmates and only one staff member who tested positive and has since recovered. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp, last visited Aug. 5, 2020.  Under these circumstances, the Court does not find that there are "extraordinary and compelling reasons" to justify a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  Brooks's claim that the prison's lack of healthy food choices, even with his condition, does not provide a basis to alter this conclusion.

Even if the circumstances of COVID-19 presented extraordinary and compelling reasons, the Court would still be required to consider the factors in 18 U.S.C. § 3553(a) in assessing whether a sentence reduction is warranted.  18 U.S.C. § 3582(c)(1)(A)(i).  Upon consideration of those factors, the Court would not grant such a reduction.  The nature and circumstances of this offense consisted of an extensive drug trafficking conspiracy involving a large quantity of PCP in which Brooks played a significant role.  PSR ¶¶ 8-20.  Based on his prior convictions, Brooks was in criminal history category IV.  *Id.* ¶ 45.  Where Brooks was taken into custody on December 12,

2016, Brooks has served approximately three years and seven months on a sentence of over ten years, a period of time that is less than the mandatory minimum five-year sentence on the offense of conviction.  21 U.S.C. § 841(b)(1)(B); PSR ¶ 68.  Upon consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, the Court finds that a sentence of time served, even with home confinement as a condition of supervised release, would be insufficient to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes.  18 U.S.C. § 3553(a).  Under these circumstances, the Court will deny the Motion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Brooks's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 537, is DENIED.


Date:   August 5, 2020                               /s/  *Theodore D. Chuang*
                                                     THEODORE D. CHUANG
                                                     United States District Judge