UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MITCHELL FELIX BROOKS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. TDC-16-0585-02
Civil Action No. TDC-18-3914

## MEMORANDUM OPINION

Petitioner Mitchell Felix Brooks, a federal prisoner serving a sentence of 129 months of imprisonment, has filed a Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35(a) and a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. The Government opposes both Motions. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, both Motions will be DENIED.

## BACKGROUND

On August 8, 2017, Brooks pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine ("PCP"), in violation of 21 U.S.C. § 846, a charge that carries with it a five-year mandatory minimum sentence based on that drug quantity. 21 U.S.C. § 841(b)(1)(B)(iv) (2012). During a guilty plea colloquy pursuant to Federal Rule of Criminal Procedure 11 ("the Rule 11 Hearing"), the Court (Xinis, J.) asked Brooks if he had had an opportunity to read the indictment

and discuss the charge with his attorney, and to read the plea agreement and thoroughly discuss it with his attorney. Brooks answered, "Yes" to both questions. Rule 11 Hrg. Tr. at 6, ECF No. 384. The Court also asked Brooks whether his attorneys had had time to answer all of Brooks's questions about the case, whether they had discussed with him the decision to plead guilty or go to trial, and whether Brooks was "completely satisfied with their representation." *Id.* at 36–37. Brooks answered, "Yes" to all of these questions. *Id.*

The Court confirmed with Brooks that he had signed the plea agreement, and that by doing so he had affirmed that he had "carefully reviewed" all parts of the plea agreement with his attorney, including "the factual and advisory guidelines stipulations," and did not wish to change any part of it. *Id.* at 7-8. The Court also confirmed that Brooks had reviewed the Statement of Facts and acknowledged that it was "true and correct." *Id.* at 8.

The Court discussed with Brooks the plea agreement's terms relating to the calculation of the advisory guideline range under the United States Sentencing Guidelines ("the Guidelines"). The Court told Brooks that "because of the quantity of PCP involved, which is at least one kilogram but less than three kilograms," as stated in the plea agreement, Brooks and the Government "agree that you begin with a base offense level of 30 under the applicable guideline." *Id.* at 19. The Court added that, because Brooks maintained a premises for purposes of manufacturing or distributing a controlled substance, his base offense level was increased by two levels, resulting in a total offense level of 32, which at sentencing might be reduced to 29 based on the possibility of a three-level downward adjustment for acceptance of responsibility. Brooks stated that he understood.

At the Court's direction, the Government recited the Statement of Facts agreed to as part of the plea agreement. These facts included that (1) on July 7, 2016, after observing a co-conspirator enter a vehicle driven by Brooks, ride with Brooks for short distance, then depart and

2

enter his own vehicle, police officers stopped the co-conspirator, searched his vehicle, and recovered four one-ounce bottles containing approximately 95 grams of a PCP mixture, which the suspect stated he had received from "Speedy," a nickname for Brooks; and (2) on December 12, 2016, during the execution of a search warrant on a residence visited by Brooks, law enforcement agents recovered three glass vials containing 254.94 grams of a PCP mixture. *Id.* at 28, 30, 34. The Statement of Facts also included that on June 6, 2016, in an intercepted telephone conversation, a co-conspirator asked Brooks, "[W]hat happened to the 32 that was in the other bag, that was in the big 32 bottle? There was more than the 16 in that bottle," to which Brooks replied, "I put the 16 in that other one and made a 32, I put the other 16 back in the bag with the thing in the cabinet." *Id.* at 32. The figures discussed in this conversation referred to the number of ounces of PCP, and the conversation thus related to a discussion about "the possession and mixture of at least 48 ounces of PCP that was kept in various locations in the residence maintained by Brooks." *Id.* at 31-32. Then, on June 29, 2016, in another intercepted conversation a co-conspirator told Brooks that his PCP was "high quality" and stated "I ain't putting nothing but a 16 on it," referring to the number of ounces of a cutting agent that he planned to mix with the PCP. *Id.* at 32. The Statement of Facts also included that the "possession, manufacturing, and distribution of at least 1 kilogram of a mixture and substance containing PCP was reasonably foreseeable to Brooks as part of the conspiracy." *Id.* at 34-35. After the Statement of Facts was recited, the Court asked Brooks, "Do you agree that they are true and correct and that the Government can prove them if you went to trial beyond a reasonable doubt?" *Id.* at 35. Brooks responded, "Yes." *Id.*

After Brooks affirmed that there were no other promises or assurances not in the plea agreement that had persuaded him to plead guilty, that he had not been threatened, coerced, or

3

forced to plead guilty, and that he was pleading guilty out of his own free will, the Court accepted his guilty plea.

On October 10, 2017, Brooks filed a Motion to Set Aside Guilty Plea in which he asserted that his guilty plea had been involuntary because he was "inordinately and unreasonably pressured" by his counsel into accepting the agreement, which required him to stipulate to a drug quantity that he did not possess. Supp. Mot. at 1–2, ECF No. 430. At the sentencing hearing on July 16, 2018, this Court denied the Motion, finding that Brooks's claims were contradicted by statements he made in the Rule 11 colloquy, including his statement that he was "completely satisfied" with his counsel and the "two occasions" on which he "acknowledged that he was responsible for one kilogram or more of PCP." Sentencing Hrg. Tr. at 23-24, ECF No. 469.

As to sentencing, the Court found that the amount of PCP attributable to Brooks was at least one kilogram but less than three kilograms. Based in part on this finding, the Court found that total offense level was 30, the criminal history category was IV, and the advisory guideline range was 135 to 168 months. The Court imposed a below-guidelines sentence of 129 months.

Brooks appealed the denial of his Motion to Withdraw Guilty Plea to the United States Court of Appeals for the Fourth Circuit. In particular, Brooks contended that his guilty plea was not knowing or voluntary "because his attorney pressured him into signing the plea agreement, which contained an allegedly incorrect base offense level." *United States v. Brooks*, 757 F. App'x 282, 283 (4th Cir. 2019). The Fourth Circuit affirmed, finding that Brooks had "failed to make a credible showing that his guilty plea was not knowingly or voluntarily made." *Id.*

## DISCUSSION

In his Motion to Correct Sentence under Rule 35(a), Brooks argues that his sentence was erroneous and should be corrected because: (1) the drug quantities used at sentencing had not been

determined by a jury and, relatedly, the jury was not properly instructed on the issue of determining the drug quantity; (2) the drug amount was inaccurately calculated because, pursuant to United States Sentencing Guidelines Amendment 484 ("Amendment 484"), the Court did not properly deduct the weight of materials that were not themselves controlled substances; (3) the drug quantity necessary to support the mandatory minimum sentence was not determined by a jury; and (4) the Court accepted his plea without properly determining that there was a factual basis for it, as required by Rule 11(b)(3). In his § 2255 Motion, Brooks raises two ineffective assistance of counsel challenges to his conviction. First, he asserts that he received ineffective assistance of counsel at the Rule 11 hearing because his counsel did not object to the plea colloquy, which Brooks appears to assert was insufficient to determine that his plea was entered knowingly and voluntarily. Second, Brooks returns to his arguments about drug quantity asserted in his Rule 35 Motion but frames them as issues demonstrating ineffective assistance of his counsel.

I.  **Legal Framework**

Brooks pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of PCP, in violation of 21 U.S.C. § 846. Pursuant to the applicable statutory penalty provision, there is a mandatory minimum five-year sentence that must be imposed if the offense of conviction involved, as relevant here, "10 grams or more of phencyclidine (PCP) or 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP)." 21 U.S.C. § 841(b)(1)(B)(iv).

Generally, for purposes of the penalty provisions of 21 U.S.C. § 841(b), "the entire mixture or substance is to be weighed when calculating the sentence." *Chapman v. United States*, 500 U.S. 453, 459 (1991). However, on November 1, 1993, U.S.S.G. § 2D1.1, the sentencing guideline

5

establishing the base offense level for controlled substance offenses, was altered by Amendment 484, which clarified the meaning of "mixture or substance" in 21 U.S.C. § 841. *See United States v. Turner*, 59 F.3d. 481, 489–90 (4th Cir. 1995) (discussing the adoption of Amendment 484). Specifically, Amendment 484 states:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance.

U.S.S.G. § 2D1.1 application note 1.

## II.     Rule 35(a) Motion

Turning first to Brooks's Rule 35(a) Motion, this Court lacks jurisdiction to grant Brooks relief under this provision. Rule 35(a) states that "[w]ithin 14 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Fourth Circuit, interpreting the predecessor version of this rule that had only a seven-day time limit, has held that this time limit is jurisdictional. *United States v. Shank*, 395 F.3d 466, 469-70 (4th Cir. 2005) ("[T]he interplay between Rule 35 and Fed. R. App. P. 4(b) plainly indicates that jurisdiction to correct a sentence for arithmetical, technical, or other clear error under Rule 35 must lapse after seven days."). Brooks was sentenced on July 16, 2018 and filed his Rule 35(a) Motion on November 19, 2018, well beyond the 14-day window specified in the statute. Because this Court's jurisdiction to grant relief under Rule 35(a) lapsed on July 30, 2018, Brooks's Rule 35 Motion must be denied. *See id.* at 470 (noting that where the sentencing court had failed to act within the applicable statutory window, it had "effectively denied [the defendant's] Rule 35 motion").

Because Brooks is self-represented, the Court must construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Upon such consideration, Brooks's claims about the applicability of Amendment 484 could arguably be construed as a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), which grants courts the power to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2).

Even if construed in this way, Brooks's Motion fails. The plain language of the statute permits a reduction in sentence only for a sentencing range "that has been subsequently lowered by the Sentencing Commission." *Id.* Amendment 484 was made effective on November 1, 1993 and was thus in effect at the time Brooks was sentenced, so it is not a basis for a § 3582(c)(2) reduction in sentence. *See United States v. Turner*, 263 F. App'x 847, 848 (11th Cir. 2008) (holding that the district court lacked jurisdiction to consider the defendant's § 3582(c)(2) motion because where the defendant was sentenced in 1995, Amendment 484 was not "a 'subsequent' amendment within the meaning of § 3582(c)(2)"). None of Brooks's other arguments could be advanced through a motion under 18 U.S.C. § 3582(c)(2). Thus, Brooks's Rule 35(a) Motion will be denied.

### III.  Section 2255 Motion

#### A.  Legal Standards

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum

authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). "If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A court should give sworn statements made in a guilty plea colloquy under Federal Rule of Criminal Procedure 11 a "strong presumption of verity," and "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). Therefore, a court may, "without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 guilty plea colloquy in the absence of extraordinary circumstances. *Id.* at 221–22. Where, as set forth below, Brooks's allegations are contradicted by statements at the guilty plea hearing, such that the Court may resolve the Motion without resolving factual disputes or making credibility determinations, the Court declines to hold an evidentiary hearing.

8

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. The United States Supreme Court has stated that "assistance which is ineffective in preserving fairness [of a trial] does not meet the constitutional mandate." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). A petitioner alleging ineffective assistance of counsel in violation of the Sixth Amendment must meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The *Strickland* test applies when the petitioner alleges ineffective assistance in the context of a guilty plea. *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

When evaluating an attorney's performance and decisions, the court "must be highly deferential" and avoid hindsight. *Strickland*, 466 U.S. at 689, 691. To meet the prejudice requirement when the petitioner has pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Even if an attorney performed deficiently in advising a client, the "defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012); *see United States v. Swaby*, 855 F.3d 233, 240 (4th Cir. 2017).

B.      **Ineffective Assistance of Counsel**

Applying these standards here, the Court finds no merit in Brooks's claims of ineffective assistance of counsel. Brooks first asserts that his counsel was ineffective because he did not object to the guilty plea colloquy "pursuant to the 'McCarthy Rule.'" § 2255 Mot. at 4, ECF No. 530. The Court presumes that Brooks's argument stems from *McCarthy v. United States*, 394 U.S. 459 (1969), in which the Supreme Court held that to ensure the voluntariness of a guilty plea under Rule 11, a court must "inquire into the defendant's understanding of the nature of the charge and the consequences of his plea" and "satisfy [it]self that there is a factual basis for the plea." *Id.* at 467. Brooks also returns to his Amendment 484 argument, now asserting that his counsel was ineffective by failing to alert the Court to Amendment 484 and its potential impact on the drug quantity. § 2255 Mot. at 5.

As to Brooks's "McCarthy Rule" argument, it fails because the record firmly establishes that during the Rule 11 plea hearing, the Court ascertained that Brooks was aware of the nature of the charge and the consequences of a guilty plea and that there was an independent basis in fact for the plea. The Court specifically reviewed with Brooks the charge at issue, conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of PCP, described the elements of that offense, and asked Brooks if he understood the elements. Brooks responded, "Yes." Rule 11 Hrg. Tr. at 9. The Court further informed him of the maximum penalties for this charge, stated that the charge carried a mandatory minimum sentence of five years, and confirmed that Brooks understood the potential penalties. The Court also confirmed that Brooks had reviewed and understood the plea agreement, which specifically states that Brooks would plead guilty to the Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a "Mixture and

Substance Containing a Detectable Amount of [PCP]," and, more specifically, that he was stipulating to "at least 1 kilogram but less than 3 kilograms of a mixture or substance containing a detectable amount of [PCP]." Plea Agreement ¶¶ 1, 2, 6(a). The Court confirmed that Brooks had signed the plea agreement and that the following attestation was accurate:

> I have read this agreement, including the Sealed Supplement, and carefully reviewed every part with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

*Id.* at 7-8; Plea Agreement at 12.

As for the factual basis for the plea, the Statement of Facts to which Brooks stipulated by signing that part of the plea agreement, which the Government reviewed during the Rule 11 hearing, and which Brooks acknowledged on the record to be "true and correct," Rule 11 Hrg. Tr. at 35, established that Brooks participated in a conspiracy the aim of which was the knowing and intentional possession, manufacture, and distribution of PCP, a controlled substance, and specifically included the facts that law enforcement had recovered from persons and locations associated with the conspiracy a total of seven containers with almost 350 grams mixtures containing PCP, that he discussed with a co-conspirator having handled another 48 ounces (1,360 grams) of mixtures containing PCP, and that he acknowledged that at least one kilogram (1,000 grams) of a mixture and substance containing PCP "was reasonably foreseeable to Brooks as part of the conspiracy." *Id.* These facts plainly establish that the quantity at issue exceeded the required 100 grams. Where Brooks admitted to these facts as part of a guilty plea, his argument that they were not found by a jury is inapplicable. *See United States v. Booker*, 543 U.S. 220, 244 (2005) (stating that any fact necessary for a statutory enhancement of the maximum penalty "must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

11

The crux of Brooks's argument, however, appears to be not that the facts stipulated to and presented at the Rule 11 hearing were inadequate to support his guilt, but rather that those facts do not support a finding that the conspiracy involved 100 grams of a mixture or substance containing a detectable amount of PCP because the provisions of Amendment 484 were not considered. Brooks thus appears to assert that both the Court and his counsel had an obligation to discern the measuring error and inform him of it, and that the failure to do so rendered his plea invalid and constituted ineffective assistance of counsel.

Brooks's argument relies on a misreading of Amendment 484. As a general matter, Amendment 484 provides that in calculating base offense levels, the mixture or substance at issue "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. § 2D1.1 application note 1. Relying on the examples in the text of Amendment 484, which include such things as the fiberglass in a cocaine/fiberglass bonded suitcase or the beeswax in a cocaine/beeswax statue, courts interpreting Amendment 484 have found that it excludes materials from the weight of the controlled substance "[o]nly if a user must separate the other materials from the controlled substance prior to use." *United States v. Ramos*, 814 F.3d 910, 920 (8th Cir. 2016); *see United States v. Blalock*, 29 F. Supp. 2d 691, 692 (D. Md. 1998). Applying this principle, the Fourth Circuit has found Amendment 484 applicable when the weight of a drug included a "solvent to apply the drug to ingestible carrier media," because "consumers do not 'use' the solvent," which "evaporates from the carrier media before the media are ingested." *Turner*, 59 F.3d at 490. *Accord United States v. Wilson*, 175 F.3d 1018, 1999 WL 153062, at *1 (4th Cir. 1999) (unpublished) (remanding to the district court for a redetermination of the drug amounts because the PCP had been mixed with ether, and the ether "evaporates before the PCP is used"). In *Blalock*, however, the court found that Amendment 484

12

did not apply to a mixture of PCP and a liquid because "PCP is regularly consumed in a liquid form by spraying it on marijuana or tobacco cigarettes," such that "it was not necessary for the additives present in the mixture to be removed prior to consumption." *Blalock*, 29 F. Supp. 2d at 692.

Amendment 484 thus does not require that all cutting agents and other substances must be excluded from the drug weight calculation. Rather, it excludes from that calculation only those other substances that cannot be consumed as part of the drug, whether because, as in *Turner*, those other substances evaporate before consumption or, as in the examples in Amendment 484, they are not intended to or cannot be consumed, as with fiberglass. Based on the Statement of Facts agreed to by Brooks at the Rule 11 hearing, the PCP mixtures at issue were in liquid form, and based on the intercepted conversations discussing the purity of the PCP and the use of a cutting agent—"I ain't putting nothing but a 16 on it,"—the mixture generally consisted of 16 ounces of a liquid cutting agent added to 16 ounces of PCP, for a total of 32 ounces. Rule 11 Hrg. Tr. at 32. The facts to which Brooks stipulated thus painted a picture of PCP ready for sale and consumption, not PCP trapped in fiberglass or beeswax that had to be removed before the drug could be consumed, so Amendment 484 was not applicable, and "the entire mixture or substance [was] to be weighed when calculating the sentence." *Chapman*, 500 U.S. at 459; *see Blalock*, 29 F. Supp. 2d at 692.

Moreover, there was no evidence that the cutting agent was a liquid that would evaporate before use, and even if it were, the facts showed that excluding the cutting agent would just reduce the overall weight by half. Where the stipulated facts established that the conspiracy included PCP mixtures of 95 grams, 254.94 grams, and 1,360 grams (48 ounces), for a total of approximately 1,710 grams, and in any event involved no less than 1,000 grams (1 kilogram), even exclusion of

13

the cutting agent would result in a PCP quantity of well over the threshold 100 grams necessary to establish guilt and to trigger the mandatory minimum sentence. Where under the agreed upon facts there was no reason to believe that Amendment 484 was applicable or could cause any material impact on the drug quantity, the Court finds no defect in the Rule 11 plea colloquy and no ineffective assistance of counsel. The § 2255 Motion will be denied.

### C. Certificate of Appealability

Brooks has no absolute entitlement to appeal a district court's denial of the § 2255 Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of the § 2255 Motion, Brooks must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court reaches the merits of a § 2255 motion, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Brooks has made no such showing, this Court will not issue a COA. Brooks may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

### CONCLUSION

For the foregoing reasons, Brooks's Motion to Correct Sentence pursuant to Rule 35(a) and Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 will both be DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: April 27, 2021

THEODORE D. CHUANG
United States District Judge